**Opinion issued August 2, 2012**



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-12-00296-CR

——————————

## OSCAR PEREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1302386**

---

## MEMORANDUM OPINION

A grand jury returned a true bill of indictment against appellant, Oscar Perez, for the felony offense of aggravated sexual assault.[1]   Pursuant to a plea agreement with the State, appellant pleaded guilty to the lesser-included offense of indecency

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (a)(2)(B) (West Supp. 2011).

with a child by contact.[2]  The trial court found appellant guilty and, in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for two years in the Institutional Division of the Texas Department of Criminal Justice.  Appellant has filed a *pro se* notice of appeal. We dismiss the appeal.

In a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea-bargain case and that the appellant has no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  The record supports the trial court's certification.  *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we must dismiss

---

[2]     *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

this appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction.  We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).